Frank W. Hunger, Asst. Attorney General, Anne L. Weismann, Terry M. Henry, U.S. Department of Justice, and K. Jack Haugrud, Keith E. Saxe, Environment and Natural Resources Division, Washington, D.C. and Kathryn E. Landreth, United States Attorney, by Shirley A. Smith, Assistant U.S. Attorney, Reno, NV, for Defendant.

The STATE OF NEVADA and the Elko County Grand Jury,

v.

Daniel GLICKMAN, et al.

No. CV–N–97–653–ECR.

United States District Court, D. Nevada.

May 15, 1998.

*MINUTE ORDER IN CHAMBERS*

EDWARD C. REED, Jr., Senior District Judge.

*IT IS HEREBY ORDERED* that Defendants' motion to dismiss (# 10), filed April 10, 1998, is *GRANTED* and this action is *DISMISSED*. The Clerk shall enter judgment accordingly.

I. Background

In October 1997, the U.S. Forest Service declined to permit David Aicher, a Forest Service employee, to testify before the Elko County Grand Jury. Prior to October 1997, the Grand Jury had subpoenaed other Forest Service employees, and in each case the subpoenas were not honored. One of these dishonored subpoenas resulted in a Ninth Circuit opinion, *In re Elko County Grand Jury,* 109 F.3d 554 (9th Cir.1997). In that case, where the subpoenaed employee had removed the Grand Jury proceeding to federal

court, the Ninth Circuit held that the federal government had not waived sovereign immunity with respect to enforcement of the subpoena. *Id.* at 556. The Court noted in dicta that the "appropriate means for challenging the Department of Agriculture's decision [to not honor the subpoena] is an action under the Administrative Procedure Act in federal court," since the Administrative Procedure Act ("APA") waives sovereign immunity. *Id.* at 557 n. 1. Because it concluded it lacked jurisdiction, the Court did not address the question of whether the Elko County Grand Jury had the capacity to sue under Fed. R.Civ.P. 17.

## II.   Jurisdiction

Taking the Ninth Circuit's hint, the Elko County Grand Jury (and purportedly the State of Nevada) have sued the Forest Service under the APA. Following the suggestion of the Ninth Circuit, therefore, we conclude that we possess subject matter jurisdiction over this action.

## III.   Fed.R.Civ.P. 17

■ However, the declaration of C. Wayne Howle, a Nevada Senior Deputy Attorney General and the supervisor of the Conservation and Natural Resources Section of the Office of the Nevada Attorney General, reveals that the Nevada Attorney General has never participated, and will never participate, in this case. Howle Decl. (# 10, Ex. A). Since Nevada law permits only the Attorney General to sue on behalf of the state of Nevada, it is clear that the state of Nevada is not a proper party to this action. Nev.Rev. Stat. 228.170(1); *see* Fed.R.Civ.P. 17(a) (real party in interest may ratify, join, or substitute in within a "reasonable time").

■ Moreover, we conclude the Elko County Grand Jury lacks the authority to pursue a civil action on its own behalf. The Grand Jury's capacity to sue is determined in accordance with Nevada law. Fed.R.Civ.P. 17(b). Under Nevada law, "[t]he district judge impaneling a grand jury shall supervise its proceedings." Nev.Rev.Stat. 172.097(1). The district court's supervisory authority is quite broad:

A grand jury has no existence aside from the court which calls it into existence and upon which it is attending. A grand jury does not become, after it is summoned, impaneled, and sworn, an independent planet, as it were, in the judicial system, but still remains an appendage of the court on which it is attending. . . . It is and remains a grand jury attending on the court, and does not, after it is organized, become an independent body, functioning at its uncontrolled will, or the will of the district attorney or special assistant. . . . A supervisory duty, not only exists, but is imposed upon the court, to see that its grand jury and its process are not abused, or used for purposes of oppression and injustice.

*Lane v. Second Judicial District Court,* 104 Nev. 427, 760 P.2d 1245, 1253 (1988) (quotation omitted). Since the particular Elko County Grand Jury purporting to act as plaintiff in this case is not an "independent body," it lacks the capacity to sue or be sued, and dismissal is in order. *Owyhee Grazing Ass'n Inc. v. Field,* 637 F.2d 694, 697 (9th Cir.1981) (dismissal appropriate where party lacks capacity to sue or be sued).

Plaintiffs nonetheless argue that the Grand Jury possesses the capacity to sue, because "[t]his case presents a functionally equivalent procedure[ ] to compelling testimony by invocation of the court's contempt powers." Opp'n at 4 (# 12). This characterization misses the mark by a wide margin—this is a civil APA action challenging an allegedly final action of the U.S. Forest Service, not a criminal contempt proceeding.

It is true that parties may sue on a theory that failure to honor a subpoena or appear for deposition violates the APA. *Exxon Shipping Co. v. U.S. Dep't of Interior,* 34 F.3d 774 (9th Cir.1994). But the Elko County Grand Jury is not such a party because it lacks the capacity under Nevada law to maintain an action on its own behalf.